IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| SHANNON LEIGH SANDS<br>WILLIAM BASIL SANDS<br><br>*Plaintiff,*<br><br>v.<br><br>FOREST RIVER, INC.<br><u>Please Serve</u>:<br>Darrel O. Ritchie<br>900 CR 1N,<br>Elkhart, IN, 46514<br><br>*Defendant.* | * * * * * * * * * * * * * * * | COMPLAINT<br><br><br><br><br><br><br><br><br><br>Case No. _____ |

## COMPLAINT

Now into Court, through undersigned counsel, comes Shannon Leigh Sands and William Basil Sands, Plaintiffs and moves the Court for judgment against Defendant Forest River, Inc. based on the following fact and law:

## JURISDICTION

1. This Honorable Court has Federal Question Jurisdiction of this civil action pursuant to 28 U.S. Code § 1331. The Plaintiff asserts a claim pursuant to the Magnuson-Moss Warranty Act, 15 U.S. Code § 2301-2312. The amount in controversy exceeds $50,000.

2. This Honorable Court has Diversity Jurisdiction of this Civil Action pursuant to 28 U.S.C. §1332. Plaintiffs are citizens of Virginia and domiciled in the independent city of Portsmouth, Virginia. The Defendant, Forest River Inc., is a corporation

incorporated under the laws of Indiana with a principal place of business in Elkhart, Indiana. The amount in controversy exceeds $75,000.00.

## VENUE

3. Venue in this Honorable Court is proper pursuant to 28 U.S. Code § 1391 as this Judicial District is where a substantial part of the events and/or omissions giving rise to the claim occurred. Venue in the Norfolk Division is proper pursuant to Local Civil Rule 3 because this is where a substantial part of the events and/or omissions giving rise to the claims occurred.

## FACTS

4. On October 18, 2022, the Plaintiffs, Mr., and Mrs. Sands, purchased a 2023 Sabre 36BHQ Camper, Vehicle Identification Number 5ZT3SR1B9P6112216. The total delivery price was $69,685.00.

5. The Plaintiffs purchased the vehicle from Camping World RV Sales of Newport News, Virginia, a registered sales and warranty service and repair agent of Forest River, Inc.

6. Forest River, Inc. issued a one-year limited warranty when purchased from *"an independently owned and authorized Forest River dealer."* The warranty covered *"the RV against Substantial Defects in material and workmanship attributable to Forest River's manufacture and assembly of the RV."*

7. The Plaintiffs moved the camper to a campsite of their choice. They quickly discovered the freshwater holding tank was defective and that the tank sensor was defective. The tankless water heater was defective. Various sections of piping were leaking. The Defendant's authorized warranty service and repair personnel came

to the campsite four separate times to attempt repair of the defective items, all without success.

8. On November 01, 2022- 14 days after the purchase- the Plaintiffs brought their 2023 Sabre Camper to Camping World RV Sales – Hampton Roads, an authorized warranty service and repair agent of the Defendant. The Plaintiffs stated that there were multiple issues with leakage within the camper including the water heater feed line, the water tank, and the water crimp connection. Additionally, due to the leakage, mold damage was discovered by technicians upon delivery to the shop. Repair attempts have been made by the authorized repair agent, Camping World RV Sales, where the vehicle remained in the shop from November 01, 2022, until the present date. At the time of filing this lawsuit the Plaintiffs 2023 Sabre Camper has spent over two hundred days in the shop without successful repairs for the water damage and mold.

9. The leakage defect and subsequent water damage and mold concerns has significantly impaired the use, market value, and safety of the Plaintiff's vehicle.

10. Plaintiffs gave the defendant written notice of their revocation of acceptance and claim for recission.

## COUNT ONE – MAGNUSSON-MOSS WARRANTY ACT

11. The facts alleged in paragraph 1-9 are incorporated herein by reference.

12. Plaintiffs Shannon and William Sands are consumers as defined in 15 U.S. Code § 2301(3). The Defendants are suppliers and warrantors as defined in 15 U.S. Code § 2301(4)-(5). The subject vehicle is a consumer product as defined in 15 U.S. Code § 2301(1).

13. The Vehicle was manufactured after July 4, 1975 and an express Limited Warranty and an implied Warranty of Merchantability were given to the Plaintiff as a part of the purchase as those warranties meet the definition of written warranty and implied warranty as found in 15 U.S. Code § 2301(6)-(7), respectively.

14. The Limited Warranty has failed its essential purpose and the Defendant has violated the Act due to its inability to repair or replace the nonconformities within a reasonable time and has refused to provide the Plaintiff with a refund as required in 15 U.S. Code § 2304(a)(1) and (4).

15. The Defendants has also breached its implied Warranty of Merchantability since the vehicle, in view of the nonconformity that exists, and the Defendant's inability to correct them, is not fit for its ordinary purpose for which the vehicle is being used. 28 U.S. Code § 2308, 2310(d).

16. As a proximate result of the Defendant's violations of the Magnuson-Moss Warranty Act and breach of its warranties, the Plaintiffs has been damaged for which the Defendant Forest River, Inc. is responsible. See, 15 U.S. Code § 2304(a) and 2310(d).

17. The Plaintiffs move the Court for Judgement against Defendant, Forest River, Inc. for the full cost of the vehicle, all incidental and consequential damages, interest, plus attorney fees in the amount of $550 per hour, or one-third of the amount recovered, whichever of the two is greater.

## COUNT II – REVOCATION OF ACCEPTANCE UNDER VIRGINIA CODE SECTION 8.2-608

18. Paragraphs 1-9 are re-pled herein by reference.

19. Virginia Code §8.2-608 provides that:

    (1) *The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him if he has accepted it.*
    (a) *On the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or*
    (b) *Without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.*
    (2) *Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.*
    (3) *A buyer who so revokes has the same rights and duties regarding the goods involved as if he had rejected them.*

20. The facts pled above establish that Plaintiffs are entitled to revocation under Virginia Code §8.2-608, requiring the Defendants to refund Plaintiffs the (1) full contract price, (2) all collateral charges, including but not limited to: sales tax, license and registration fees, and similar government charges; and (3) all finance charges incurred by the Plaintiffs. (See, Virginia Code §8.2-711).

21. The facts pled above establish that Plaintiffs' camper has a nonconformity which substantially impairs the value to them, that Plaintiffs accepted the nonconformity because such acceptance, and by the Defendants' assurances about the quality of the camper.

22. This revocation of acceptance has occurred within a reasonable time after Plaintiffs discovered the goods were defective and no substantial change in condition of the

camper has occurred, except for such changes caused by the camper's inherent defects.

## COUNT III – RESCISSION

23. Paragraphs 1-9 are re-pled herein by reference.

24. The facts pled above establish that Plaintiffs are entitled to an equitable remedy of rescission, requiring the defendants to refund to the Plaintiffs the: (1) full contract price; (2) all collateral charges, including but not limited to: sales tax, license and registration fees, and similar government charges; and (3) all finance charges incurred by the Plaintiff.

25. The equitable remedy of recission is allowed when there is a failure of consideration. See, Andrew v. Sams, 233 VA 55 59 (1987); Bolling v. King Coal Theatres, 185 VA. 991, 997 (1947); Neely v. White, 177 VA 358, 366-67 (1941); Southeast Lumber Co. v. Friend, 158 VA 863, 869 (1932). Here, there is a complete failure of consideration because the consideration that Plaintiffs bargained for – a reliable, functional, and safe camper- has not been delivered by the Defendant.

WHEREFORE, Plaintiffs Shannon Leigh Sands and William Basil Sands move the Court for judgement against Defendant Forest River, Inc., compensation in the amount of $20,000 for inconvenience and loss of use, interest payments, reasonable attorney fees in the amount of $550 per hour, or one-third of the amount recovered, whichever of the two is greater, expert witness fees, pre- purchase price of the camper $69,685.00, as well as all incidental costs, Judgment interest running

from the date of the first repair attempt, post Judgment interest, court costs, and all other damages, equity and/or law may seem meet.

TRIAL BY JURY IS DEMANDED.

Respectfully Submitted,

Shannon Leigh Sands

William Basil Sands

By: /s/ James B. Feinman

Of Counsel

James B. Feinman, Esq. (VSB #28125)
P. O. Box 697
Lynchburg, Virginia 24505
(434) 846-7603 (Phone)
(434) 846-0158 (Fax)
jb@jfeinman.com