IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| SHANNON LEIGH SANDS and WILLIAM BASIL SANDS, <br><br> Plaintiffs, <br><br> v. <br><br> FOREST RIVER, INC., <br><br> Defendant. | Case No. 2:23-cv-379 |

**MEMORANDUM OPINION & ORDER**

Before the Court are the Motion to Dismiss for Failure to State a Claim (ECF Nos. 6 (motion), 8 (memorandum)) and Motion to Transfer Case (ECF Nos. 7 (motion), 9 (memorandum)) filed by Defendant Forest River, Inc. ("Forest River"). The Court has considered the arguments in the parties' briefing and concluded there is no need to hold a hearing on either motion. *See* Fed. R. Civ. P. 18; E.D. Va. Civ. R. 7(J). For the reasons stated herein, the Motion to Transfer is **GRANTED** and the Motion to Dismiss is **DISMISSED WITHOUT PREJUDICE.**

**I.    BACKGROUND**

At this stage of the litigation, the Court assumes that the facts alleged in the complaint are true. Plaintiffs Shannon Leigh Sands and William Basil Sands purchased a 2023 Sabre 36BHQ camper ("the camper") that Forest River manufactures. ECF No. 1 ¶ 4. The plaintiffs purchased the camper from Camping World RV Sales of Newport News, Virginia. *Id* ¶ 5. The camper came with a one-year

limited warranty ("the Limited Warranty") from Forest River. *Id.* ¶ 6. Shortly after the plaintiffs purchased the camper, they discovered that the freshwater holding tank and its sensor were defective. *Id.* ¶ 7. Additionally, various sections of the camper's piping were leaking, causing mold damage. *Id.* ¶ 8.

Forest River's authorized warranty service and repair personnel attempted to repair the defective water tank and pipes but were unsuccessful. ECF No. 1 ¶ 7. On November 1, 2022, the plaintiffs took the camper to Camping World RV Sales—Hampton Roads—an authorized warranty service and repair agent of Forest River. *Id.* ¶ 8. The camper has remained at Camping World RV Sales—Hampton Roads ever since. *Id.*

The plaintiffs filed this lawsuit on August 2, 2023, claiming that Forest River violated the Magnusson-Moss Warranty Act, Revocation of Acceptance pursuant to Virginia Code § 8.2-608, and Recission. ECF No. 1 ¶¶ 16–17, 20, 24. Forest River filed its Motion to Dismiss for Failure to State a Claim (ECF Nos. 6 (motion), 8 (memorandum)) and Motion to Transfer Case (ECF Nos. 7 (motion), 9 (memorandum)) on September 14, 2023. The plaintiffs filed an opposition to both motions on September 27, 2023. ECF Nos. 12 (opposition to motion to dismiss), 13 (opposition to motion to transfer). On October 3, 2023, Forest River filed a reply to both oppositions. ECF Nos. 14 (reply on motion to dismiss) and 15 (reply on motion to transfer).

## II. LEGAL STANDARD

28 U.S.C. § 1404(a) permits a district court to transfer "any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" "[f]or the convenience of parties and witnesses, in the interest of justice." When considering whether to transfer venue under § 1404(a), courts within the Fourth Circuit consider four factors:

> (1) the weight accorded to plaintiff's choice of venue;
> (2) witness convenience and access;
> (3) convenience of the parties; and
> (4) the interest of justice.

*Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015).

When a case does not involve a forum-selection clause, "a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. W.D. Tex*, 571 U.S. 49, 62 (2013). "The calculus changes, however, when the parties' contract at issue contains a valid forum-selection clause," because that "clause represents their agreement as to the most proper forum." *Id.* at 63. Because "the overarching consideration . . . is whether a transfer would promote the interest of justice, a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Id.* (alterations accepted, quotation marks and citations omitted).

Forum-selection clauses "are prima facie valid and should be enforced unless" the resisting party shows that enforcement would be "unreasonable under the

3

circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (internal punctuation omitted); *see Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650 (4th Cir. 2010) (finding that *The Bremen*'s "rationale is applicable to forum selection clauses generally," "[e]ven though *The Bremen* was an admiralty case").

> Under *The Bremen,* a forum selection clause may be found unreasonable if: (1) its formation was induced by fraud or over-reaching; (2) the complaining party will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) its enforcement would contravene a strong public policy of the forum state.

*Albemarle*, 628 F.3d at 651 (internal citation and punctuation omitted).

### III.  ANALYSIS

As an initial matter, the Court "must determine whether the proposed transferee court is one in which the action originally may have been brought." *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 735 (E.D. Va. 2007). Venue is proper in a civil action in any "judicial district where any defendant resides, if all defendants reside in the same state." 28 U.S.C. § 1391(b)(1). Forest River is incorporated in Indiana with its principal place of business in Elkhart, Indiana. ECF No. 1 ¶ 2. Thus, the proposed transferee court—the United States District Court for the Northern District of Indiana, South Bend Division—is one in which the action originally may have been brought.

4

Next, the Court must evaluate the enforceability of the forum-selection clause. The Limited Warranty[1] contains the following forum-selection clause:

> **EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO THIS LIMITED WARRANTY, AN ALLEGED BREACH OF WARRANTY, BREACH OF IMPLIED WARRANTIES, OR REPRESENTATIONS OF ANY KIND MUST BE FILED IN THE COURTS WITHIN THE STATE OF INDIANA.**

ECF No. 5-1 (bold font and all caps in original). As the party attempting to litigate the instant action in a venue other than the contractually selected forum, the plaintiffs bear a "heavy burden of proof" to show that the selected forum is unreasonable. *The Bremen*, 407 U.S. at 17. However, the plaintiffs make no mention of the factors the Supreme Court laid out in *The Bremen*. The plaintiffs do not argue that there was fraud or overreach in the formation of the forum-selection clause. Nor that the inconvenience of the selected forum is so grave that it would effectively deprive them of their day in court. They also do not argue that Indiana law, which the parties chose, is fundamentally unfair. And they do not argue that the enforcement of the forum-selection clause would contravene a strong public policy of the forum state.

---

[1] The Limited Warranty was not attached to the plaintiffs' complaint, but rather was attached as an exhibit to Forest River's answer to the complaint. *See* ECF No. 5-1. When "reviewing a motion to transfer, the court may consider evidence outside the pleadings." *Vault, LLC v. Dell Inc.*, 1:18-cv-633, 2019 WL 113726, at *3 (Jan. 4, 2019). Therefore, for the purposes of evaluating the motion to transfer, the Court can consider the Limited Warranty.

Instead, the plaintiffs' sole argument is that there was no mutual assent to the forum-selection clause.[2] ECF No. 13 at 1. The plaintiffs concede that the parties "had mutual assent to enter into a contract for the sale of a camper with a warranty." *Id.* But the plaintiffs allege that the Limited Warranty was not shown to them until several days after they purchased the camper. *Id.*; ECF No. 13-1 ¶ 4, 7. Because "the time for determining the mutual assent is at the time the contract was made," the plaintiffs believe that "Forest River . . . cannot create a contract term unliterally by not communicating it to the buyer." ECF No. 13 at 2. If the plaintiffs' argument is correct, then they did not assent to *any* terms of the Limited Warranty, including the terms they rely on for their Magnusson-Moss Warranty Act claim.

Thus, it appears to the Court that the plaintiffs' argument is actually based on notice rather than lack of assent. A forum-selection clause "may involve fraud or overreaching when a party lacked notice of it." *U.S. Crane & Rigging, Inc. v. EC Source Serv., LLC*, No. 7:22-cv-481, 2023 WL 1797893, at *4 (W.D. Va. Feb. 7, 2023). Notice is sufficient where the party "had ample opportunity to become informed of the terms of the contract." *Id.* (citation and quotation marks omitted).

---

[2] The plaintiffs also state that they plan to seek leave "to amend to add Camping World as a defendant." ECF No. 13 at 4. And "upon information and belief" their contract with Camping World has a forum-selection clause requiring actions to be filed in "the state and county in which Dealer is located or the applicable Federal Court." *Id.* This is based not on the plaintiff's actual contract, but on plaintiffs' counsel's other clients with similar contracts. *Id.* As of this Memorandum Opinion and Order, the plaintiffs have not moved for leave to amend the complaint nor have they provided the Court with any evidence of a competing forum-selection clause. Therefore, the Court declines to consider this hypothetical argument.

The plaintiffs' allegation that they did not see the Limited Warranty is based on Plaintiff William Sands's affidavit, attached to the response in opposition. ECF No. 13 at 1. The affidavit states that the plaintiffs "were not shown any documents from Forest River," that the first time Plaintiff William Sands "saw the Forest River Owner's Manual and other documents after purchasing [the camper]" was one to two days later, and that he "did not receive[] a new Extended Service Warranty for [the camper]." ECF No. 13-1 at 2.

However, the Customer Delivery and Warranty Registration Form ("Warranty Registration")[3] tells the Court otherwise. In relevant part, the Warranty Registration states: "I have had the opportunity to review the Forest River, Inc. Limited [W]arranty during the purchase of this unit . . . ." ECF No. 15-1. It lists the owner as Shannon Leigh Sands, the dealer as Camping World RV Sales—Hampton Roads, and it is signed by William B. Sands. *Id.* The date of the signature is October 18, 2023—the date that the plaintiffs purchased the camper. *Id.*

Thus, there are only two inferences that the Court can draw from the Warranty Registration: either the plaintiffs did not read it before signing it, or they did review the Limited Warranty but remained unaware of the forum-selection clause. Either way, "a party signing a written contract has a duty to inform [themselves] of its contents before executing it, and in the absence of fraud or overreaching [they] will not be allowed to impeach the effect of the instrument by showing that [they were]

---

[3] Like the Limited Warranty, the Warranty Registration was also not attached to the plaintiffs' complaint. For the same reason, the Court can consider the Warranty Registration for purposes of the motion to transfer. *See supra* n. 1.

7

ignorant of its contents or failed to read it." *Syndor v. Conseco Fin. Serb. Corp.*, 252 F.3d 302, 306 (4th Cir. 2001) (internal punctuation, citations, and quotations omitted).

Because the plaintiffs concede they assented to the purchase of a camper with a warranty, and indicated on the Warranty Registration that they reviewed the Limited Warranty, the Court finds that they had ample opportunity to be informed of the warranty's terms. Thus, the forum-selection is enforceable.

## IV. CONCLUSION

For the foregoing reasons, Defendant Forest River, Inc.'s Motion to Transfer (ECF No. 7) is **GRANTED**.

It is **ORDERED** that this case be **TRANSFERRED** to the United States District Court for the Northern District of Indiana, South Bend Division.

It is **FURTHER ORDERED** that Defendant Forest River, Inc.'s Motion to Dismiss for Failure to State a Claim (ECF No. 6) is **DISMISSED WITHOUT PREJUDICE.**

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/
Jamar K. Walker
United States District Judge

Norfolk, Virginia
January 12, 2024